1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROSARIO FORONDA and BELLA DIVINA,　　) | Case No.: 14-CV-03513-LHK |
| ) | |
| Plaintiffs,　　) | ORDER GRANTING IN PART AND |
| ) | DENYING IN PART DEFENDANT'S |
| v.　　) | MOTION TO DISMISS WITH LEAVE |
| ) | TO AMEND |
| WELLS FARGO HOME MORTGAGE, INC.,　　) | |
| and DOES 1-10 inclusive,　　) | |
| ) | |
| Defendant(s).　　) | |
| ) | |
| ) | |

Rosario Foronda ("Foronda") and Bella Divina ("Divina") (collectively, "Plaintiffs") bring the instant lawsuit against Wells Fargo Bank, N.A. ("Defendant"). Plaintiffs allege violations of California law on the basis of Defendant's supposed misconduct in processing Plaintiffs' application for a loan modification. ECF No. 14, First Amended Complaint ("FAC"). Before the Court is Defendant's Motion to Dismiss Plaintiffs' FAC. ECF No. 19 ("Mot."). Plaintiffs opposed the motion, ECF No. 21 ("Opp."), and Defendant replied, ECF No. 24 ("Reply").

Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss with leave to amend.

1

1

United States District Court
For the Northern District of California

## I.   BACKGROUND

### A.   Factual Allegations

Since October 26, 1995, Plaintiffs have owned the single family residence located at 497 River View Drive, San Jose, CA 95111 (the "Property").  FAC ¶¶ 1, 16.  On September 25, 2007, Plaintiffs refinanced their home mortgage loan with World Savings Bank, FSB ("World Savings"),[1] and a deed of trust was recorded on the Property.  *Id.* ¶ 17; Ex. C to ECF No. 20-1.[2] Eventually, Plaintiffs defaulted on the loan.  FAC ¶ 18.[3]  On January 5, 2011, Defendant's trustee, Cal-Western Reconveyance Corporation (the "trustee"), recorded a Notice of Default ("NOD"), indicating that Plaintiffs were $14,914.25 in debt.  *Id.* ¶ 19; Ex. D to ECF No. 20-1.[4]  On May 20, 2011, the trustee recorded a Notice of Trustee's Sale ("NTS").  FAC ¶ 20.

Since that time, Plaintiffs allege that they have been trying in good faith to obtain a loan modification from Defendant.  FAC ¶ 21.  On May 12, 2014, Plaintiffs received a letter from Defendant denying Plaintiffs' request for a loan modification.  *Id.* ¶ 22; ECF No. 14-1 ("Denial Letter").  Plaintiffs allege that this denial was in error.  FAC ¶¶ 22-24.

A trustee's sale was scheduled for August 6, 2014.  FAC ¶ 26.  According to Plaintiffs, Defendant requested that Plaintiffs resubmit their loan modification application, which Plaintiffs did on June 23, 2014.  *Id.* ¶ 25.  Even though Plaintiffs' renewed application was "under review," Plaintiffs allege that Defendant refused to postpone the trustee's sale.  *Id.* ¶ 26.  On August 5, 2014, the day before the scheduled sale, counsel for Plaintiffs allegedly phoned the trustee, who informed Plaintiffs' counsel that Defendant had given the trustee "a direct order to sell the Property."  *Id.* ¶ 31 n.4.  To prevent the trustee's sale from taking place, Foronda filed for Chapter 13 bankruptcy

---

[1] Defendant acquired World Savings in 2008.  FAC ¶ 17 n.2; Mot. at 1 n.1.

[2] The deed of trust is subject to a judicial notice request, which the Court grants in Part III, *infra*.

[3] Plaintiffs variously allege that the loan was "predatory" and that they were not provided the requisite disclosures under the federal Truth in Lending Act ("TILA") or Real Estate Settlement Procedures Act ("RESPA").  FAC ¶¶ 17-18.  Plaintiffs, however, do not allege any liability on the basis of either statute.

[4] The NOD is subject to a judicial notice request, which the Court grants in Part III, *infra*.

2

Case No.: 14-CV-03513-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND

at 8:01 a.m. on August 6, 2014, which automatically stayed the foreclosure proceedings.  *Id.* ¶ 27; ECF No. 14-2.[5]

### B.     Procedural History

On July 2, 2014, Plaintiffs filed a lawsuit against Defendant in Santa Clara County Superior Court.  Ex. A to ECF No. 1.  Defendant removed the case to federal court on August 4, 2014.  ECF No. 1.  On August 11, 2014, Defendant moved to dismiss Plaintiffs' complaint.  ECF No. 10. Rather than oppose the motion, Plaintiffs filed their FAC on August 21, 2014.  In the FAC, Plaintiffs asserted four causes of action under California law: (1) violation of the prohibition on "dual tracking" contained in the Homeowner Bill of Rights ("HBOR"), Cal. Civ. Code § 2923.6(c); (2) failure to comply with the HBOR's written notice requirements, Cal. Civ. Code § 2923.6(f); (3) violations of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; and (4) negligence.  FAC ¶¶ 29-73.

On August 29, 2014, Defendant withdrew its prior motion and filed the instant Motion to Dismiss.  Mot. at 12.  Plaintiffs opposed the motion on September 7, 2014.  Opp. at 22.  Defendant replied on September 16, 2014.  Reply at 12.

## II.     LEGAL STANDARDS

### A.     Motion to Dismiss Under Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[5] Defendant requests that the Court take judicial notice of the bankruptcy docket indicating that Foronda previously filed for bankruptcy on August 19, 2011, and received her discharge on January 18, 2012.  *See* Ex. E to ECF No. 20-1.  The Court grants Defendant's request in Part III, *infra*.

Case No.: 14-CV-03513-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND

United States District Court
For the Northern District of California

1 | *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a probability

2 | requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."

3 | *Id.* (internal quotation marks omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the Court

4 | "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light

5 | most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d

6 | 1025, 1031 (9th Cir. 2008).

7 |       The Court, however, need not accept as true allegations contradicted by judicially

8 | noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look

9 | beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6)

10 | motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir.

11 | 1995).  Nor must the Court "assume the truth of legal conclusions merely because they are cast in

12 | the form of factual allegations."  *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per

13 | curiam) (internal quotation marks omitted).  Mere "conclusory allegations of law and unwarranted

14 | inferences are insufficient to defeat a motion to dismiss."  *Adams v. Johnson*, 355 F.3d 1179, 1183

15 | (9th Cir. 2004).

16 |       **B.**      **Requests for Judicial Notice**

17 |       The Court generally may not look beyond the four corners of a complaint in ruling on a

18 | Rule 12(b)(6) motion, with the exception of documents incorporated into the complaint by

19 | reference, and any relevant matters subject to judicial notice.  *See Swartz v. KPMG LLP*, 476 F.3d

20 | 756, 763 (9th Cir. 2007); *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001).  Under the

21 | doctrine of incorporation by reference, the Court may consider on a Rule 12(b)(6) motion not only

22 | documents attached to the complaint, but also documents whose contents are alleged therein,

23 | provided the complaint "necessarily relies" on the documents or their contents, and the documents'

24 | authenticity and relevance are uncontested.  *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038

25 | (9th Cir. 2010); *accord Lee*, 250 F.3d at 688-89.  The purpose of this rule is to "prevent plaintiffs

26 | from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims

27 | are based."  *Swartz*, 476 F.3d at 763 (alterations and internal quotation marks omitted).

28 |

Case No.: 14-CV-03513-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE
TO AMEND

1    In addition, the Court may take judicial notice of matters that are either (1) generally known

2    within the trial court's territorial jurisdiction or (2) capable of accurate and ready determination by

3    resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  Proper

4    subjects of judicial notice when ruling on a motion to dismiss include legislative history reports,

5    *see Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012); court documents already in the

6    public record and documents filed in other courts, *see Holder v. Holder*, 305 F.3d 854, 866 (9th

7    Cir. 2002); and publicly accessible websites, *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992,

8    998-99 (9th Cir. 2010).

9    **C.     Leave to Amend**

10   If the Court determines that the complaint should be dismissed, it must then decide whether

11   to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend

12   "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule

13   15 to facilitate decisions on the merits, rather than on the pleadings or technicalities."  *Lopez v.*

14   *Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks

15   omitted).  When dismissing a complaint for failure to state a claim, "a district court should grant

16   leave to amend even if no request to amend the pleading was made, unless it determines that the

17   pleading could not possibly be cured by the allegation of other facts."  *Id.* at 1130 (internal

18   quotation marks omitted).  Accordingly, leave to amend generally shall be denied only if allowing

19   amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the

20   moving party has acted in bad faith.  *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532

21   (9th Cir. 2008).

22   **III.    REQUESTS FOR JUDICIAL NOTICE**

23   In connection with the instant Motion to Dismiss, Defendant asks the Court to take judicial

24   notice of a number of documents.  *See* ECF No. 20.  The Court GRANTS Defendant's request to

25   take judicial notice of copies of records from the Office of Thrift Supervision ("OTS"), including

26   World Savings' certificate of corporate existence, a letter from OTS authorizing World Savings'

27   name change to Wachovia Mortgage, FSB ("Wachovia"), and Wachovia's charter, as well as

28

Case No.: 14-CV-03513-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE
TO AMEND

**United States District Court**
For the Northern District of California

1  copies of the certification from the Comptroller of Currency showing that Wachovia converted to

2  Wells Fargo Bank Southwest, N.A., and a printout from the Federal Deposit Insurance Corporation

3  showing the history of World Savings.  Ex. A to ECF No. 20-1.  These documents are true and

4  correct copies of government records and public documents not subject to reasonable dispute.  *See*

5  Fed. R. Evid. 201(b); *see also Carley v. Wells Fargo Bank*, No. C 14-03147 JSW, 2014 WL

6  5830146, at *2-3 (N.D. Cal. Nov. 10, 2014) (taking judicial notice of the same documents).

7       The Court GRANTS Defendant's request for judicial notice of the adjustable rate mortgage

8  note dated September 18, 2007.  Ex. B to ECF No. 20-1.  The FAC "necessarily relies" on the

9  document, and the document's relevance and authenticity are uncontested.  *Coto*, 593 F.3d at 1038.

10      The Court GRANTS Defendant's request for judicial notice of the deed of trust and NOD.

11  Exs. C-D to ECF No. 20-1.  These documents are true and correct copies of government records

12  and public documents not subject to reasonable dispute.  *See* Fed. R. Evid. 201(b); *see also Carley*,

13  2014 WL 5830146, at *2-3 (taking judicial notice of similar documents).

14      The Court GRANTS Defendant's request for judicial notice of the bankruptcy docket for

15  petition No. 11-57797, the summary of schedules for that petition, and the petition itself, as well as

16  the bankruptcy docket for petition No. 14-53296 and the petition itself.  Exs. E-I to ECF No. 20-1.

17  These documents are true and correct copies of court filings already in the public record and

18  documents filed in other courts.  *See Holder*, 305 F.3d at 866; *see also Hayes v. Wells Fargo Bank,*

19  *N.A.*, No. 3:13-CV-0420 KAW, 2013 WL 4117050, at *3-4 (N.D. Cal. Aug. 12, 2013) (taking

20  judicial notice of the plaintiffs' bankruptcy docket).

21  **IV.    DISCUSSION**

22      Defendant argues that all of Plaintiffs' claims should be dismissed because Foronda's filing

23  for bankruptcy protection deprives Plaintiffs of standing to sue and because Plaintiffs should be

24  judicially estopped from asserting claims Foronda failed to disclose in her pending bankruptcy

25  petition.  Mot. at 3-5; Reply at 1-3.  Defendant also argues that Plaintiffs have failed to adequately

26  plead any of their individual causes of action.  Mot. at 5-12; Reply at 3-11.  For the reasons stated

27  below, the Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss.

28

Case No.: 14-CV-03513-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE
TO AMEND

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A.      **Plaintiffs' Standing to Sue**

"The widely accepted rule is that after a person files for bankruptcy protection, any causes of action previously possessed by that person become the property of the bankrupt estate." *Cloud v. Northrop Grumman Corp.*, 67 Cal. App. 4th 995, 1001 (1998) (citing *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 n.9 (1983)).  When the rule applies, the bankruptcy petitioner loses standing to sue while the bankruptcy estate steps in as the "real party in interest." *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004).  On this basis, Defendant argues in its Motion to Dismiss that Plaintiffs lack standing to bring the instant lawsuit because Foronda filed for Chapter 13 bankruptcy on August 6, 2014, and her bankruptcy action remains pending.  Mot. at 4.  Because all of Foronda's assets, including her legal claims in this action, are now part of the bankruptcy estate and property of the trustee, Defendant asserts that Plaintiffs are not the real party in interest and therefore lack standing to proceed in this case.  *Id.*  In its Reply, Defendant abandons its claim that Divina lacks standing and argues that only "Foronda lacks standing to prosecute."  Reply at 3.

Defendant's argument, however, elides the important distinction between Chapter 7 and Chapter 13 bankruptcy petitioners.  Indeed, the cases on which Defendant relies primarily involve plaintiffs who have filed for bankruptcy under Chapter 7.  *See In re Lopez*, 283 B.R. 22, 28 (B.A.P. 9th Cir. 2002); *Manlangit v. Nat'l City Mortg.*, No. CIV 2:10-1225 WBSDAD, 2010 WL 2044687, at *1 (E.D. Cal. May 20, 2010); *Cloud*, 67 Cal. App. 4th at 998; *see also In re Turner*, No. 02-44874, 2007 WL 7238117, at *2 (B.A.P. 9th Cir. Sept. 18, 2007) (indicating that the appellant in *Turner v. Cook* had "filed for chapter 7 relief").

Here, by contrast, Foronda filed for bankruptcy under Chapter 13, FAC ¶ 27, which means she remains "in possession of all property of the estate," 11 U.S.C. § 1306(b).  "Unlike a Chapter 7 bankruptcy, which requires the debtor to relinquish possession of the estate to the trustee for liquidation and distribution to creditors," a Chapter 13 debtor "remains in possession of the property of the estate and cures his indebtedness, under the supervision of the trustee, by way of regular payments to creditors from his earnings through a court approved payment plan." *Edwards*

United States District Court
For the Northern District of California

1    *v. Wells Fargo Bank, N.A.*, No. CV 13-201-ABC PLA, 2013 WL 3467215, at *8 (C.D. Cal. July 9,

2    2013) (internal quotation marks omitted).

3         Although the Ninth Circuit has yet to address the question whether a Chapter 13 debtor

4    maintains standing to prosecute a pre-petition non-bankruptcy cause of action on behalf of the

5    bankruptcy estate, every other circuit to address the question has found standing.  *See, e.g.*, *Wilson*

6    *v. Dollar Gen. Corp.*, 717 F.3d 337, 343 (4th Cir. 2013) ("[U]nlike a Chapter 7 debtor, a Chapter

7    13 debtor possesses standing—concurrent with that of the trustee—to maintain a non-bankruptcy

8    cause of action on behalf of the estate."); *Smith v. Rockett*, 522 F.3d 1080, 1082 (10th Cir. 2008)

9    ("Plaintiff, as a Chapter 13 debtor, had standing to file this complaint on behalf of the bankruptcy

10   estate."); *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004) ("[B]ecause Crosby

11   filed under Chapter 13 of the Bankruptcy Code, he retains standing to pursue legal claims on behalf

12   of the estate."); *Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 470 (7th Cir. 1999) (holding "that a

13   debtor-in-possession has standing to file, prosecute and appeal a chose in action belonging to the

14   estate under Chapter 13"), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th

15   Cir. 2013); *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515 (2d Cir. 1998) (per

16   curiam) ("[A] Chapter 13 debtor, unlike a Chapter 7 debtor, has standing to litigate causes of action

17   that are not part of a case under title 11."); *Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194,

18   1209 n.2 (3d Cir. 1991) ("Chapter 13 debtors are empowered to maintain suit even after a

19   bankruptcy trustee has been appointed in their case.").

20        Other courts within the Ninth Circuit agree.  *See, e.g.*, *Edwards*, 2013 WL 3467215, at *8;

21   *Becker v. Wells Fargo Bank, Nat'l Ass'n*, No. CIV. 2:12-1742 WBS, 2012 WL 3277130, at *3

22   (E.D. Cal. Aug. 9, 2012) (holding that the "Chapter 13 debtor plaintiff retains possession of the

23   claims at issue here and thus his Chapter 13 bankruptcy does not deprive him of standing");

24   *Gaudin v. Saxon Mortg. Servs., Inc.*, 820 F. Supp. 2d 1051, 1052-53 (N.D. Cal. 2011) ("[T]he mere

25   fact of Gaudin's [Chapter 13] bankruptcy filing is an insufficient basis on which to conclude this

26   suit cannot go forward."); *In re Chavez*, No. 09-26400-D-13L, 2009 WL 9085565, at *2 (Bankr.

27   E.D. Cal. Aug. 27, 2009) (holding that the Chapter 13 debtor "has standing to pursue her causes of

28

Case No.: 14-CV-03513-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE
TO AMEND

1    action against the bank" (citing *In re Cohen*, 305 B.R. 886, 891 (B.A.P. 9th Cir. 2004))); *Donato v.*

2    *Metro. Life Ins. Co.*, 230 B.R. 418, 425 (N.D. Cal. 1999) ("Donato has concurrent standing with the

3    Chapter 13 trustee to litigate her prepetition causes of action against MetLife."); *cf. McGuire v.*

4    *United States*, 550 F.3d 903, 914 (9th Cir. 2008) ("For this reason, only bankruptcy trustees,

5    *debtors-in-possession*, or bankruptcy court authorized entities have standing to sue on behalf of the

6    estate." (emphasis added)).  In light of this considerable weight of authority, the Court finds that

7    Foronda, as a Chapter 13 debtor-in-possession, retains standing to prosecute this action on behalf

8    of the bankruptcy estate.

9         Defendant's citations to the contrary are unavailing.  *See Dodd v. Fed. Home Loan Mortg.*

10   *Corp.*, 2012 U.S. Dist. LEXIS 16337, at *1-2 (E.D. Cal. Feb. 9, 2012); *Rader v. Teva Parenteral*

11   *Meds., Inc.*, 276 F.R.D. 524, 529 (D. Nev. 2011); *Tangonan v. World Sav. Bank FSB*, 2011 U.S.

12   Dist. LEXIS 93192, at *4-5 (N.D. Cal. Aug. 19, 2011).  Although these courts dismissed Chapter

13   13 debtors for lack of standing, they did so by citing cases involving Chapter 7 debtors.  Because

14   none of these courts grappled with the material distinction between Chapter 13 debtors and Chapter

15   7 debtors, the Court does not find their rulings persuasive.

16        Accordingly, the Court DENIES Defendant's Motion to Dismiss on standing grounds.

17   **B.      Judicial Estoppel**

18        "Judicial estoppel is an equitable doctrine invoked by a court at its discretion."  *Ah Quin v.*

19   *Cnty. of Kauai Dep't of Transp.*, 733 F.3d 267, 270 (9th Cir. 2013) (brackets omitted) (quoting

20   *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)).  The purpose of this doctrine "is to protect

21   the integrity of the judicial process by prohibiting parties from deliberately changing positions

22   according to the exigencies of the moment."  *Id.* (quoting *New Hampshire*, 532 U.S. at 749-50).

23   "In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised

24   in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements."

25   *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001).

26        Defendant asserts that Foronda failed to mention the instant lawsuit in her Chapter 13

27   bankruptcy petition.  Mot. at 4-5.  When asked on her Schedule B form whether she had any

28

Case No.: 14-CV-03513-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE
TO AMEND

1   "[o]ther contingent and unliquidated claims of every nature," Foronda marked an "X" in the

2   column labeled "NONE."  *Id.* at 4; *see* Ex. I to 20-1, at 10.  In addition, Defendant maintains,

3   Foronda failed to indicate in her Schedule D form that her home mortgage loan was "DISPUTED."

4   Mot. at 4; *see* Ex. I to 20-1, at 14.  Due to these omissions, Defendant argues that Plaintiffs should

5   be judicially estopped from prosecuting claims that were not disclosed to the bankruptcy court.

6   Mot. at 5.

7        The Court disagrees.  *Hamilton* suggests that judicial estoppel applies when a plaintiff has

8   failed to raise the cause of action in either her "schedules *or disclosure statements*."  270 F.3d at

9   783 (emphasis added).  As Plaintiffs correctly point out, *see* Opp. at 7, Foronda disclosed the

10  instant lawsuit to the bankruptcy court in both her Statement of Financial Affairs and Chapter 13

11  Plan, *see* Ex. I to 20-1, at 25 (disclosing the instant lawsuit in her Statement of Financial Affairs);

12  ECF No. 14-3, at 2 (disclosing the instant lawsuit in her Chapter 13 Plan continuation sheet).

13  Although Foronda initially failed to list the instant lawsuit on her Schedule B form, Foronda's

14  explicit inclusion of the lawsuit in her Statement of Financial Affairs provided the bankruptcy court

15  and the trustee with adequate notice.  *See* 11 U.S.C. § 521(a)(1)(iii) (including "a statement of the

16  debtor's financial affairs" among the proper means for disclosure); *cf. Davis v. ReconTrust Co.*,

17  No. 2:12-CV-00212-KJD, 2014 WL 3514992, at *3 & n.1 (D. Nev. July 16, 2014) (applying

18  judicial estoppel where plaintiff had failed to list lawsuit in both her bankruptcy schedules and her

19  Statement of Financial Affairs).  Defendant does not contend otherwise in its Reply.

20        As a result, the Court DENIES Defendant's Motion to Dismiss on grounds of judicial

21  estoppel.

22        **C.      Section 2923.6(c) Claim**

23        California's HBOR, which took effect January 1, 2013, reformed aspects of the state's

24  nonjudicial foreclosure process by amending the California Civil Code to prohibit deceptive and

25  abusive home foreclosure practices.  *See Flores v. Nationstar Mortg. LLC*, No. CV 13-3898-PLA,

26  2014 WL 304766, at *3 (C.D. Cal. Jan. 6, 2014).  One of those practices is "dual tracking," which

27  occurs when a financial institution "continue[s] to pursue foreclosure even while evaluating a

28

10

borrower's loan modification application." *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d

1110, 1149 (N.D. Cal. 2013) (citing *Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 904

(2013)).  The prohibition on dual tracking is codified at section 2923.6(c), which provides in

relevant part:

> If a borrower submits a complete application for a first lien loan modification
> offered by, or through, the borrower's mortgage servicer, a mortgage servicer,
> mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of
> default or notice of sale, or conduct a trustee's sale, while the complete first lien
> loan modification application is pending.

Cal. Civ. Code § 2923.6(c).  Additionally, section 2924.12 provides a private cause of action for

violations of section 2923.6.  *See* Cal. Civ. Code. § 2924.12.

Plaintiffs do not allege any violation arising out of the recording of the NOD or NTS, both

of which were recorded in 2011.  FAC ¶¶ 19-20.  The only issue, then, is whether Plaintiffs have

plausibly alleged that Defendant "conduct[ed] a trustee's sale" while Plaintiffs' "complete first lien

loan modification application [was] pending."  Cal. Civ. Code § 2923.6(c).  The Court finds that

Plaintiffs have.  No trustee's sale, it is true, was ever actually held.  However, Plaintiffs claim to

have filed, at Defendant's request, a renewed loan modification application on June 23, 2014.  FAC

¶ 25.  According to Plaintiffs, Defendant acknowledged that the application was "under review."

*Id.* ¶ 26.  Notwithstanding this pending application, Plaintiffs allege that Defendant scheduled a

trustee's sale for August 6, 2014, and refused to postpone it.  *Id.*  In support of this contention,

Plaintiffs claim that on August 5, 2014, the day before the sale was to take place, Plaintiffs'

counsel telephoned the trustee, who stated that Defendant had given the trustee "a direct order to

sell the property."  *Id.* ¶ 31 n.4.  The only way, Plaintiffs allege, to stop the trustee's sale was for

Foronda to file a Chapter 13 bankruptcy petition, which she did at 8:01 a.m. on August 6, 2014, the

morning of the scheduled sale.  *Id.* ¶ 27; ECF No. 14-2.  Viewing these allegations in the light most

favorable to Plaintiffs, the Court finds that Plaintiffs have plausibly alleged that Defendant

continued to "conduct a trustee's sale" while Plaintiffs had a loan modification application

pending.  Cal. Civ. Code § 2923.6(c).

Case No.: 14-CV-03513-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE
TO AMEND

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    None of Defendant's arguments for dismissal is convincing. First, Defendant argues that

2 because "there was no trustee's sale," Defendant cannot be held liable for dual tracking. Mot. at 6-

3 7. Defendant's interpretation of section 2923.6(c) is too narrow. As the legislative history

4 suggests, section 2923.6(c)'s ban on dual tracking was enacted to force mortgage servicers to "give

5 a borrower a clear answer on an application before the servicer may *proceed with foreclosure*."

6 Sen. Floor Analysis of Assemb. Bill No. 278 ("AB 278 Analysis"), Conf. Rep. No. 1, Reg. Sess., at

7 26 (Cal. July 2, 2012) (emphasis added), *available at* http://leginfo.legislature.ca.gov/faces/

8 billAnalysisClient.xhtml. California courts interpreting the dual tracking ban have used similarly

9 broad language. *See, e.g.*, *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 86

10 n.14 (2013) ("The California Homeowner Bill of Rights prohibits, among other things, 'dual track'

11 foreclosures, which occur when a servicer *continues foreclosure proceedings* while reviewing a

12 homeowner's application for a loan modification." (emphasis added)). As a result, the Court has

13 little trouble finding that Plaintiffs have stated a plausible claim for relief. Without question,

14 Plaintiffs have alleged that Defendant continued to "proceed with foreclosure." AB 278 Analysis

15 at 26. As stated above, Plaintiffs claim that Defendant scheduled a trustee's sale, refused to

16 postpone it, ordered the trustee to sell the property as of the day before the scheduled sale, and did

17 not complete the sale only because Foronda filed a Chapter 13 bankruptcy petition the morning the

18 sale was to take place. FAC ¶¶ 25-27, 31 n.4. Defendant, for its part, provides no authority

19 establishing that a trustee's sale must be completed in order for a mortgage servicer to "conduct a

20 trustee's sale" under the meaning of section 2923.6(c). Consequently, the Court cannot conclude

21 as a matter of law that Defendant escapes liability for dual tracking.[6]

22    Defendant's remaining arguments fail because Plaintiffs have sufficiently alleged that their

23 June 23, 2014, loan modification application was pending at the time Defendant was proceeding

24 with the trustee's sale. That Defendant may have scheduled the trustee's sale thirty days after

25 _____

26    [6] Defendant protests that such a conclusion creates a catch-22: Defendant would be liable
under section 2923.6(c) whether it had postponed the scheduled sale or not. Reply at 4. Not so.

27 Had Defendant scheduled the sale before Plaintiffs had resubmitted their loan modification
application and then postponed the sale indefinitely while that application was pending, there
would be no colorable claim that section 2923.6(c) was violated.

28

Case No.: 14-CV-03513-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE
TO AMEND

United States District Court
For the Northern District of California

issuing the letter denying Plaintiffs' initial loan modification application is of no moment. *See* Mot. at 7. It is the June 23, 2014, application that Plaintiffs allege was pending, not the application that was denied on May 12, 2014. *See* FAC ¶ 25. Similarly, Defendant's reliance on section 2923.6(g), which requires a "material change in the borrower's financial circumstances" before submitting a second loan modification application, is misplaced. Mot. at 7-8 (quoting Cal. Civ. Code § 2923.6(g)). Plaintiffs do not allege that they submitted a new loan modification application *per se*; rather, Plaintiffs claim that they resubmitted the same application at *Defendant's* request. FAC ¶ 25. Although Defendant disputes that allegation, Reply at 5, the Court must assume its truth for purposes of a motion to dismiss absent judicially noticeable facts to the contrary, *see Manzarek*, 519 F.3d at 1031. Defendant has provided no such facts. Finally, to the extent Defendant argues that section 2923.6(g) shields mortgage servicers from dual tracking liability so long as they "request" that borrowers resubmit loan modification applications, Reply at 5, the Court rejects that line of reasoning as inconsistent with the HBOR's purpose, *see* Cal. Civ. Code § 2923.4(a) (explaining that the "purpose of the act . . . is to ensure that" borrowers "have a meaningful opportunity to obtain . . . loan modifications").

Consequently, the Court DENIES Defendant's Motion to Dismiss Plaintiffs' cause of action under section 2923.6(c).[7]

### D.    Section 2923.6(f) Claim

"Following the denial of a first lien loan modification application," the HBOR requires the mortgage servicer to "send a written notice to the borrower identifying the reasons for denial." Cal. Civ. Code § 2923.6(f). That written notice must also conform to a series of requirements. *See*

---

[7] The Court notes that because the trustee's sale has yet to occur, and thus "a trustee's deed upon sale has not been recorded," Plaintiffs may only "bring an action for injunctive relief to enjoin" the alleged violation of section 2923.6(c). Cal. Civ. Code § 2924.12(a)(1); *see also Stokes v. CitiMortgage, Inc.*, No. CV 14-00278 BRO SHX, 2014 WL 4359193, at *10 (C.D. Cal. Sept. 3, 2014) (explaining that "Plaintiff Brummel cannot seek monetary damages [for a violation of section 2923.6] because no sale has occurred on her home"). Plaintiffs' claims under section 2923.6(c) for "actual damages, including but not limited to, the imminent loss of [Plaintiffs'] Property to foreclosure; unnecessary loan arrears, late fees, penalties; and damage to their credit" are therefore inapposite. FAC ¶ 34. Plaintiffs' request for "injunctive relief," however, is proper. *Id.* ¶ 35.

13

*id.* § 2923.6(f)(1)-(6).  As relevant here, the written notice must include "the monthly gross income and property value used to calculate the net present value," but only "[i]f the denial is the result of a net present value calculation."  *Id.* § 2923.6(f)(3).  "If applicable," the written notice must also contain "a description of other foreclosure prevention alternatives for which the borrower may be eligible, and a list of the steps the borrower must take in order to be considered for those options."  *Id.* § 2923.6(f)(5).

Plaintiffs allege that, "[w]ith regard to the most recent (June 23, 2014) complete loan modification application," Defendant "failed to provide a proper NPV calculations denial letter," in violation of section 2923.6(f)(3), and "failed to provide Plaintiff with a list of foreclosure prevention alternatives," in violation of section 2923.6(f)(5).  FAC ¶¶ 39-40.  Plaintiffs' allegations fail, however, because Plaintiffs' June 23, 2014, loan modification application remains "pending."  *Id.* ¶¶ 25-26.  Plaintiffs cannot have it both ways: they cannot argue that their application is pending for purposes of section 2923.6(c) dual tracking liability but then argue that their application was erroneously denied for purposes of section 2923.6(f) liability.  As Plaintiffs' June 23, 2014, loan modification application remains "under review," *id.* ¶ 26, and thus has not yet been denied, Plaintiffs' claims under section 2923.6(f) are not ripe for adjudication, *see Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." (internal quotation marks omitted)); *see also Marino v. Countrywide Fin. Corp.*, No. SACV 14-46-JLS ANX, 2014 WL 3349188, at *3-4 (C.D. Cal. July 7, 2014) (dismissing mortgagor's claims seeking "to hold Defendants liable for any deficiency judgment on his second mortgage" where there had not yet been a deficiency judgment as to the second mortgage).

To the extent Plaintiffs' section 2923.6(f) claims are based on the Denial Letter of May 12, 2014, the Court finds that Plaintiffs have failed to allege sufficient facts to support a plausible claim for relief.  The Denial Letter, Plaintiffs claim, conveyed contradictory information in violation of section 2923.6(f)(3) because it purported to deny Plaintiffs' application on the basis that Defendant could not reduce the monthly mortgage payment by ten percent or more, while at

Case No.: 14-CV-03513-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND

United States District Court
For the Northern District of California

1   the same time proposing a modified monthly payment that was twenty-two percent lower than

2   Plaintiffs' current monthly payment.  FAC ¶¶ 22-24, 51.  The Court is not persuaded.  As

3   Defendant explains, Plaintiffs appear to have misunderstood the Denial Letter's contents.  *See* Mot.

4   at 10-11.  It is not that the letter said Defendant could not possibly reduce Plaintiffs' monthly

5   mortgage payments by ten percent; of course Defendant could have done so.  What the letter meant

6   was that Defendant could not have imposed a ten percent reduction "and still have the net present

7   value of the loan payments be worth more than the proceeds from a foreclosure sale."  *Id.* at 10; *see*

8   Denial Letter at 1.  Confronted with this reality, Plaintiffs allege only that Defendant "should have

9   at least explained" the matter to Plaintiffs.  Opp. at 17.  Plaintiffs, however, never explain why they

10  failed to correct their own misunderstanding, whether they even attempted to do so, or how

11  Defendant's failure to correct Plaintiffs' misimpression amounts to a violation of section

12  2923.6(f)(3).  Furthermore, the Denial Letter appears to have provided Plaintiffs with foreclosure

13  alternatives under the heading "Talk to me about your other options."  Denial Letter at 3.  In

14  particular, the letter describes a "short sale" and a "deed in lieu of foreclosure" as possible "options

15  available to help [the borrower] avoid a foreclosure sale."  *Id.*  Plaintiffs have not alleged how or

16  why the letter's presentation of these options violates section 2923.6(f)(5).

17       Consequently, the Court GRANTS Defendant's Motion to Dismiss Plaintiffs' cause of

18  action under section 2923.6(f).  Because Plaintiffs may be able to cure the deficiencies in the FAC

19  by alleging additional facts in support of this claim, the Court grants leave to amend.  *See Lopez*,

20  203 F.3d at 1127 (holding that "a district court should grant leave to amend . . . unless it determines

21  that the pleading could not possibly be cured by the allegation of other facts" (internal quotation

22  marks omitted)).[8]

_____

[8] Defendant argues that all of Plaintiffs' claims under section 2923.6 fail as a matter of law
because Plaintiffs are not "borrower[s]" under the meaning of the HBOR.  Reply at 7.  This is so,
Defendant asserts, because Foronda filed for and remains in Chapter 13 bankruptcy.  *See* Cal. Civ.
Code § 2920.5(c)(2)(C) (excluding from the definition of "borrower" for purposes of section
2923.6 individuals who have "filed a case under Chapter 7, 11, 12, or 13 of Title 11 of the United
States Code and the bankruptcy court has not entered an order closing or dismissing the bankruptcy
case, or granting relief from a stay of foreclosure").  This argument is waived, however, because
Defendant raised it for the first time in its Reply.  *See Nevada v. Watkins*, 914 F.2d 1545, 1560 (9th
Cir. 1990); *see also In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1035 (N.D. Cal. Aug. 12, 2014)

Case No.: 14-CV-03513-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE
TO AMEND

**E.      UCL Claims**

The UCL broadly prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.  The UCL, thus, "establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." *Podolsky v. First Healthcare Corp.*, 50 Cal. App. 4th 632, 647 (1996).  A claim based on the UCL must be brought "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204.  Private individuals "are limited to injunctive relief and restitution" under the UCL.  *California v. IntelliGender, LLC*, No. 13-56806, — F.3d —, 2014 WL 5786718, at *3 (9th Cir. Nov. 7, 2014).

**1.      Unlawful Prong**

"By proscribing any unlawful business practice, the UCL borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Alvarez v. Chevron Corp.*, 656 F.3d 925, 933 n.8 (9th Cir. 2011) (alteration and internal quotation marks omitted).  As indicated above, Plaintiffs have plausibly alleged that Defendant violated section 2923.6(c)'s prohibition on dual tracking.  *See supra* Part IV.C.  This alleged violation suffices to state a claim under the UCL's unlawful prong.  *See, e.g.*, *Rosenfeld v. Nationstar Mortg., LLC*, No. 2:13-CV-04830-CAS, 2014 WL 457920, at *6 (C.D. Cal. Feb. 3, 2014) (holding that Plaintiffs had "state[d] a claim under the 'unlawful' prong of the UCL based on the violation of Civil Code § 2923.6"); *Hosseini v. Wells Fargo Bank, N.A.*, No. C-13-02066 DMR,

---

("[A]rguments raised for the first time in Reply briefs are waived.").  Even if the argument were not waived, it would still fail.  Foronda did not file her Chapter 13 bankruptcy petition until August 6, 2014.  ECF No. 14-2.  Consequently, at the time when the alleged misconduct took place, neither Foronda nor Divina had a pending Chapter 13 petition and thus Plaintiffs were not excluded from the definition of borrowers under section 2920.5(c)(2)(C).  *See Colom v. Wells Fargo Home Mortg., Inc.*, No. C-14-2410 MMC, 2014 WL 5361421, at *2 (N.D. Cal. Oct. 20, 2014) ("§ 2923.7(c) was not applicable to plaintiff on said date, given that he had *at such time* a Chapter 13 petition pending in bankruptcy court." (emphasis added)); *Withers v. J.P. Morgan Chase Bank N.A.*, No. C 14-0351 SBA, 2014 WL 3418367, at *5 (N.D. Cal. July 11, 2014) (rejecting section 2920.5(c)(2)(C) argument "because Plaintiff did not have a bankruptcy case pending when the Notice of Trustee's Sale was recorded").

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

2013 WL 4279632, at *8 (N.D. Cal. Aug. 9, 2013) (finding that "Plaintiffs' [unlawful business practices] claim based on dual-tracking may be an appropriate predicate offense for a UCL claim").

Defendant argues that Plaintiffs lack standing under the UCL "because there is no allegation that [Defendant] obtained money through an unfair business practice, and therefore there is no basis for restitution." Mot. at 9. Nor is there any allegation, according to Defendant, that Defendant "has actually caused the loss of any money or property, which is essential to state a claim under § 17204." Reply at 8. Defendant argues further that "Plaintiffs have no basis for an award of injunctive relief under the UCL" because Plaintiffs have failed to allege that the "wrongful acts in this litigation will be repeated in the future." Mot. at 9.

The Court disagrees. First of all, Defendant ignores Plaintiffs' allegations that, as a result of Defendant's "unlawful business acts," Plaintiffs "have suffered actual damages and are subject to imminent foreclosure of their property." FAC ¶ 53. In addition, Defendant makes no attempt to rebut any of the cases cited by Plaintiffs in their Opposition, which hold that the threat of foreclosure is sufficient to establish standing under the UCL. *See, e.g.*, *Stokes*, 2014 WL 4359193, at *12 ("[A] party need not have her property foreclosed upon in order to bring a UCL claim."); *Rosenfeld*, 2014 WL 457920, at *6 ("[T]he threat of a foreclosure is sufficient to establish standing to assert a UCL claim."); *Saber v. JPMorgan Chase Bank, N.A.*, No. SACV 13-00812-DOC, 2014 WL 255700, at *4 (C.D. Cal. Jan. 23, 2014) (declining "to dismiss the case for a lack of standing" because "some California district courts have held that the initiation of foreclosure proceedings sufficiently jeopardizes a plaintiff's property interest to satisfy the standing requirement"); *Sullivan v. Wash. Mut. Bank, FA*, No. C-09-2161 EMC, 2009 WL 3458300, at *4 (N.D. Cal. Oct. 23, 2009) (finding UCL standing because "foreclosure proceedings have been initiated which puts [plaintiff's] interest in the property in jeopardy"). Lastly, as stated above, *see supra* note 7, Plaintiffs have alleged that they are "entitled to injunctive relief" arising out of Defendant's alleged violation of section 2923.6(c), FAC ¶ 35.

For the reasons stated above, the Court finds that Plaintiffs have standing to proceed under the UCL. Because Plaintiffs have stated a claim under section 2923.6(c), which prohibits dual

17

United States District Court
For the Northern District of California

1    tracking, the Court DENIES Defendant's Motion to Dismiss Plaintiffs' UCL unlawful prong claim

2    based on Defendant's alleged violation of section 2923.6(c).  Because Plaintiffs have failed to state

3    a claim under section 2923.6(f), which specifies the written notice requirements for a loan

4    modification denial, the Court GRANTS Defendant's Motion to Dismiss Plaintiffs' UCL unlawful

5    prong claim to the extent the claim is based on Defendant's alleged violation of section 2923.6(f).

6    *See Stokes*, 2014 WL 4359193, at *11 ("If a plaintiff cannot state a claim under the predicate law,

7    however, [the UCL] claim also fails.").  Since Plaintiffs may be able to cure the deficiencies in the

8    FAC by alleging additional facts in support of the section 2923.6(f) claim, the Court grants leave to

9    amend.  *See Lopez*, 203 F.3d at 1127.

10                    **2.     Unfair Prong**

11          "[T]he statutory language of the UCL makes clear that a practice may be deemed unfair

12   even if not specifically proscribed by some other law."  *Alvarez*, 656 F.3d at 933 n.8 (alterations

13   and internal quotation marks omitted).  "An unfair business practice is one that either offends an

14   established public policy or is immoral, unethical, oppressive, unscrupulous or substantially

15   injurious to consumers."  *McDonald v. Coldwell Banker*, 543 F.3d 498, 506 (9th Cir. 2008)

16   (internal quotation marks omitted).  Since Plaintiffs have plausibly alleged that Defendant engaged

17   in dual tracking, the Court concludes that Plaintiffs have stated a claim under the UCL for an unfair

18   business practice.  *See* FAC ¶¶ 51, 54-55.  Indeed, other courts have found that dual tracking may

19   satisfy the unfair prong of the UCL.  *See, e.g.*, *Flores*, 2014 WL 304766, at *5 ("Thus, the Court

20   finds that plaintiffs have alleged potentially unfair business practices by stating that defendant

21   violated Section 2923.6(c) by engaging in 'dual tracking' and, thus, improperly foreclosing on the

22   subject property."); *Ware v. Bayview Loan Servicing, LLC*, No. 13-CV-1310 JLS NLS, 2013 WL

23   6247236, at *8 (S.D. Cal. Oct. 29, 2013) (holding that "Plaintiffs have alleged potentially unfair

24   business practices in suggesting that Defendant violated the HB[O]R via dual tracking"); *Murfitt v.*

25   *Bank of Am. NA*, No. EDCV 13-01182 JGB, 2013 WL 7098636, at *10 (C.D. Cal. Oct. 22, 2013)

26   (explaining that "courts have found [dual tracking] 'unfair' for purposes of the UCL" (citing *Jolley*,

27   213 Cal. App. 4th at 907-08)).

28

                                                    18

1    Plaintiffs also allege that Defendant violated the unfair prong by failing to properly evaluate

2    Plaintiffs' loan modification application.  *See* FAC ¶ 51.  As evidence, Plaintiffs cite the allegedly

3    contradictory Denial Letter.  This allegation is unavailing.  For one, the Court has already

4    concluded that Plaintiffs' application for a loan modification remains pending.  *See supra* Part

5    IV.C.  Plaintiffs' challenge, therefore, is premature.  *See supra* Part IV.D; *Marino*, 2014 WL

6    3349188, at *3-4.  Moreover, Plaintiffs have failed to state a plausible claim for relief arising out of

7    the Denial Letter's contents for the reasons stated in Part IV.D, *supra*.  The most Plaintiffs have

8    shown is that they misunderstood the Denial Letter; Plaintiffs have not sufficiently alleged any

9    unfair practice under the UCL on the basis of that letter.

10    Accordingly, the Court DENIES Defendant's Motion to Dismiss Plaintiffs' UCL unfair

11    prong claim based on Defendant's alleged dual tracking.  The Court GRANTS Defendant's Motion

12    to Dismiss Plaintiffs' UCL unfair prong claim to the extent the claim is based on Defendant's

13    alleged failure to properly evaluate Plaintiffs' loan modification application.  Because Plaintiffs

14    may be able to cure the deficiencies in the FAC by alleging additional facts in support of this

15    claim, the Court grants leave to amend.  *See Lopez*, 203 F.3d at 1127.

16                    **3.       Fraudulent Prong**

17    To state a claim under the fraudulent prong of the UCL, a plaintiff must "show that

18    members of the public are likely to be deceived" by the challenged business practice.  *In re*

19    *Tobacco II Cases*, 207 P.3d 20, 29 (Cal. 2009) (internal quotation marks omitted).  UCL claims

20    premised on fraudulent conduct trigger the heightened pleading standard of Rule 9(b) of the

21    Federal Rules of Civil Procedure.  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir.

22    2009); *see also* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with

23    particularity the circumstances constituting fraud or mistake.").

24    Here, Plaintiffs have not sufficiently alleged that Defendant engaged in a fraudulent

25    business practice.  Plaintiffs' conclusory allegations fail to explain how any of Defendant's alleged

26    misconduct was likely to deceive members of the public.  *See* FAC ¶ 56.  Without any specific

27    allegations of fraud, Plaintiffs' claim cannot survive.  *See, e.g.*, *Williams v. Wells Fargo Bank,*

28

*United States District Court*
*For the Northern District of California*

19

*N.A.*, No. EDCV 13-02075 JVS, 2014 WL 1568857, at *8 (C.D. Cal. Jan. 27, 2014) (dismissing plaintiffs' "UCL claim based upon misrepresentations purportedly made by Defendants regarding the loan modification process" because plaintiffs did not "describe these alleged misrepresentations with particularity as to who, what, when, and where the statements were made"); *Ware*, 2013 WL 6247236, at *8 (dismissing UCL fraudulent prong claim where plaintiffs failed to "provide details such as the time, place and nature of the alleged fraudulent activities" (alterations and internal quotation marks omitted)); *Rodriguez v. JP Morgan Chase & Co.*, 809 F. Supp. 2d 1291, 1297 (S.D. Cal. 2011) (dismissing a plaintiff's UCL fraudulent prong claim where "Plaintiff has presented only conclusory allegations of fraud in his complaint").

As such, the Court GRANTS Defendant's Motion to Dismiss Plaintiffs' UCL fraudulent prong claim. Because Plaintiffs may be able to cure the deficiencies in the FAC by alleging additional facts in support of this claim, the Court grants leave to amend. *See Lopez*, 203 F.3d at 1127.

## F.    Negligence Claim

The elements of negligence in California are well established: (1) defendant had a legal duty to use due care towards the plaintiff; (2) the defendant breached that duty; and (3) the breach was the proximate or legal cause of (4) the resulting injury. *Ladd v. Cnty. of San Mateo*, 911 P.2d 496, 498 (Cal. 1996).

In this case, Plaintiffs allege that Defendant was negligent in processing Plaintiffs' application for a loan modification. FAC ¶¶ 60-73. Defendant, for its part, argues that it owed no duty to Plaintiffs to approve the application. *See* Mot. at 11-12 (citing *Lueras*, 221 Cal. App. 4th at 67). Plaintiffs respond that Defendant nevertheless had a duty to use reasonable care in reviewing Plaintiffs' loan modification application. *See* Opp. at 17-21 (citing *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 944-51 (2014)).

At this stage, however, the Court need not address the duty question for two reasons. First, Plaintiffs' negligence claim is premature because the loan modification application remains pending. *See supra* Part IV.D; *see also Marino*, 2014 WL 3349188, at *3-4. Second, even if

Case No.: 14-CV-03513-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE
TO AMEND

United States District Court
For the Northern District of California

Plaintiffs' negligence claim were ripe, Plaintiffs have not sufficiently alleged a breach of whatever duty might exist.  As detailed above, *see supra* Part IV.D, all Plaintiffs have shown is that they misunderstood the Denial Letter.  Plaintiffs have not plausibly alleged any actual calculation error in that letter.  Consequently, Plaintiffs' assertion that they "were helpless in their attempt to correct [Defendant's] error" is unavailing.  Opp. at 20.  Not only is there no evidence of any error, but Plaintiffs never explain why they failed to remedy their own misimpression or why it would fall on Defendant to do so for them.  Because Plaintiffs have not adequately alleged a breach of duty, Plaintiffs' negligence claim founders.

The Court GRANTS Defendant's Motion to Dismiss Plaintiffs' cause of action for negligence.  Because Plaintiffs may be able to cure the deficiencies in the FAC by alleging additional facts in support of this claim, the Court grants leave to amend.  *See Lopez*, 203 F.3d at 1127.

## V.     CONCLUSION

For the foregoing reasons, the Court rules on Defendant's Motion to Dismiss as follows:

- The Court DENIES Defendant's Motion to Dismiss on standing grounds;

- The Court DENIES Defendant's Motion to Dismiss on grounds of judicial estoppel;

- The Court DENIES Defendant's Motion to Dismiss Plaintiffs' cause of action under section 2923.6(c), which prohibits dual tracking;

- The Court GRANTS Defendant's Motion to Dismiss Plaintiffs' cause of action under section 2923.6(f), which specifies the written notice requirements for a loan modification denial, with leave to amend;

- The Court DENIES Defendant's Motion to Dismiss Plaintiffs' UCL unlawful prong claim based on Defendant's alleged violation of section 2923.6(c).  The Court GRANTS Defendant's Motion to Dismiss Plaintiffs' UCL unlawful prong claim based on Defendant's alleged violation of section 2923.6(f) with leave to amend;

- The Court DENIES Defendant's Motion to Dismiss Plaintiffs' UCL unfair prong claim based on Defendant's alleged dual tracking.  The Court GRANTS Defendant's Motion

Case No.: 14-CV-03513-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND

to Dismiss Plaintiffs' UCL unfair prong claim based on Defendant's alleged failure to properly evaluate Plaintiffs' loan modification application with leave to amend;

- The Court GRANTS Defendant's Motion to Dismiss Plaintiffs' UCL fraudulent prong claim with leave to amend; and

- The Court GRANTS Defendant's Motion to Dismiss Plaintiffs' cause of action for negligence with leave to amend.

Should Plaintiffs elect to file an Amended Complaint curing the deficiencies identified herein, Plaintiffs shall do so within thirty (30) days of the date of this Order.  Failure to meet the thirty-day deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice of Plaintiffs' claims dismissed with leave to amend in this Order.  Plaintiffs may not add new causes of actions or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: November 26, 2014

LUCY H. KOH
United States District Judge

22

Case No.: 14-CV-03513-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE
TO AMEND